JOHN H. HERSH
ATTORNEY AT LAW
FIRST FEDERAL BUILDING
PEEKSKILL, N.Y. 10566

(914) 739-4200

OUR FILE NO.

February 21, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/12

United States District Court Judge Cathy Seibel
United States District Court
300 Quarropas Street
White Plains, New York 10601

      Re: Westley B. Artope v. Paul Bluhdorn and Paige Bluhdorn
        11-CIV-5891

Dear Judge Seibel:

  We represent a defendant, Paige Bluhdorn, 353 Sarles Street, Mount Kisco, New York 10549, in the above entitled action; and this letter is our request for a pre-motion conference in accordance with your individual practices [2(A)].

  By complaint dated August 16, 2011, it is claimed that the defendant, Paige Bluhdorn, violated the rights of the plaintiff, Westley B. Artope, under the Federal Fair Labor Standards Act, 29 U.S.C. Section 201, New York Labor Law Section 650, and New York Executive Law Section 290.

  It is respectfully requested by the defendant, Paige Bluhdorn, that she be granted permission to file and serve her motion to dismiss the four (4) causes of action under Federal Rule of Civil Procedure 12(b)(6) because the pleading dated August 16, 2011, does not show, with respect to her, that liability is plausible and beyond mere speculation; in reality the plaintiff, Westley B. Artope, is trying to use the power of the Federal Judiciary to squeeze out a settlement.

  With respect to the first three (3) causes of action in his complaint dated August 16, 2011, the plaintiff, Westley B. Artope, is unable to plead facts (as distinct from mere conclusions) that the defendant, Paige Bluhdorn, was his employer, even under the most expansive definition. There are no facts set forth in his complaint dated August 16, 2011, that establish her control when viewed through the prism of the economic realities of the situation, from October 1, 2008 to February 12, 2009.

JOHN H. HERSH

United States District Court Judge Cathy Seibel     Page 2     February 21, 2012

     With respect to the fourth cause of action of the plaintiff, Westley B. Artope, his pleading dated August 16, 2011, is also deficient because it alleges no facts to distinguish what he is complaining about, either a sex-based hostile work environment or a tangible employment action. He pleads only conclusions and this is insufficient.

     It is respectfully requested by the defendant, Paige Bluhdorn, that a pre-motion conference be scheduled in accordance with your individual practices [2(A)] and that the defendant, Paige Bluhdorn, be granted leave to file and serve her motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint of the plaintiff, Westley B. Artope, dated August 16, 2011.

Yours truly,

JOHN H. HERSH (JH 1548)

JHH:gl

cc: Neil H. Greenberg, Esq.
900 Merchants Concourse, Suite 314
Westbury, New York 11560
Fax No.: 516-228-5106

Bennett H. Last, Esq.
708 Third Avenue, 26th Floor
New York, New York 10017
Fax No.: 212-661-6328

*[Handwritten note from Judge:]* I entertain serious doubts as to the validity of any such motion. It seems the Complaint plausibly pleads that Plaintiff worked for both Defendants, although perhaps Defendant means to argue Defendant Paige Bluhdorn does not meet the statutory definition of employer? If so, she shall clarify before the pre-motion conference. It also seems clear that Plaintiff raises hostile work environment (¶27) and tangible employment action (¶s 29-33), as well as retaliation (¶s 34-36), although perhaps inartfully. Pre-motion conference to be held on April 19, 2012 @ 12:00 noon. Defendant shall clarify his argument re: claims 1-3 2 weeks in advance by letter no more than 5 pages, & Plaintiff shall state his position 1 week in advance by letter no more than 3 pages. So Ordered - Cathy Seibel USDJ 2/22/12